**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hobart Lee JOHNSON, Defendant–Appellant.**

**No. 93–1119.**

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1993.

Decided Aug. 16, 1993.

Virginia G. Villa, Minneapolis, MN, argued, for defendant-appellant.

Nathan P. Patterson, Asst. U.S. Atty., Minneapolis, MN, argued, for plaintiff-appellee.

Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Hobart Lee Johnson appeals his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988). He argues that the district court[1] erred in excluding potentially exculpatory testimony as hearsay. We affirm.

In the early morning of February 10, 1992, narcotics officers had the Greyhound Bus Station in St. Paul, Minnesota under surveillance. The officers were acting on a tip from an informant, Tonya Smith. The officers observed Tonya Smith and Hobart Johnson get off of a bus arriving from Chicago together. Johnson was carrying a duffle bag. When a narcotics officer that Johnson recognized approached him, Johnson dropped the duffle bag and walked away. The officers stopped Johnson and asked him who owned the bag. Johnson responded, "What bag?" The officers then showed the bag to Johnson and repeated the question. Again, Johnson responded, "What bag?" The officers later found approximately 234 grams of powdered cocaine in the bag, which also contained women's clothing and toiletries. Officers also found $2,000 in one hundred dollar bills hidden in the lining of Johnson's coat. Johnson was charged with one count of possession with intent to distribute.

At trial, Johnson's counsel argued that the cocaine actually belonged to Tonya Smith. Joanne Brush, Johnson's sister, testified that Johnson and Tonya Smith were romantically involved, and that Smith's husband, Jamal Karon, apparently became aware of the relationship. Brush began to testify about the contents of a telephone conversation between Smith and Jamal Karon that Brush overheard on another extension in January 1992. The government objected to the testimony as hearsay. Johnson's counsel responded that the testimony was admissible as "impeaching Jamal and Tonya's credibility," and as an admission of a party opponent. See Fed. R.Evid. 801(d)(2), 806. The court ruled that the testimony was hearsay and inadmissible. Johnson's counsel then made the following offer of proof to the court:

MS. GEORGE: My offer of proof is as follows: That in January 1992, Joanne Brush received a phone call which was from Jamal. She got Tonya on the phone. She yelled downstairs, "Tonya, get on the phone." Joanne then went upstairs, where she had answered the phone, and heard yelling going back and forth, and she heard Jamal say, "What are you doing over there? You are supposed to be with the children. You're playing with me, Tonya."

In response, Tonya said, "No, I'm not, Jamal."

Jamal responded, "When are you coming home?"

Tonya responded, "I'm coming home now," and Jamal responds "I'm going to set you up, I'm going to set up Hobart. I'm going to set you guys up. I'm going to get you good."

That is where Joanne Brush hung up the telephone.

Johnson relies on United States v. Partyka, 561 F.2d 118 (8th Cir.1977), cert. denied, 434 U.S. 1037, 98 S.Ct. 773, 54 L.Ed.2d 785

[1]. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

(1978), and argues that the testimony should have been admitted under Fed.R.Evid. 803(3).

We will assume, without deciding, that the exclusion was error, because we are convinced that the exclusion of the testimony was harmless error.

First, we recognize that the excluded testimony had little, if any, probative value. At most, it demonstrates Jamal Karon's hostility towards Smith and Johnson, and his general intention to retaliate against them both in some way. The testimony contained no references to narcotics or to any criminal activity. There is no evidence as to what Jamal Karon meant by "I'm going to set you guys up."

Second, the testimony would not have added any significant additional support to Johnson's defense theory. In her closing argument, Johnson's trial counsel asserted that Jamal Karon "had control over Tonya Smith" and, in retaliation for the affair between Smith and Johnson, "made" Smith "set [Johnson] up." In considering this theory, the jury had before it testimony about the affair between Smith and Johnson, about Karon's knowledge of the affair, and about Karon's anger and jealousy. In addition, the government introduced evidence of two uncharged drug transactions involving Johnson, one in November 1991, and one in January 1992. On one of these occasions, Jamal Karon had informed on Johnson. Thus, the jury already had before it evidence of Karon's motivation to inform on Johnson, and his willingness to actually do so. The excluded testimony is, under these circumstances, simply "cumulative to and corroborative of" evidence already before the jury. *See Partyka*, 561 F.2d at 125.

Finally, the testimony actually contradicted Johnson's defense. The excluded testimony indicated that Karon was angry primarily at Smith, and that he intended to "set up" both Johnson *and* Smith. This is certainly inconsistent with Johnson's theory that Smith and Karon "planned [the setup] together."

The exclusion of this testimony did not prevent Johnson from presenting his de-fense, nor did it significantly affect the plausibility of that defense. The jury heard the evidence supporting the theory and chose not to believe that either Karon or Smith had set up Johnson. The court's decision to exclude the testimony, if erroneous at all, was harmless error. *See United States v. Roberts*, 676 F.2d 1185, 1187–88 (8th Cir.), *cert. denied*, 459 U.S. 855, 103 S.Ct. 122, 74 L.Ed.2d 106 (1982).

We affirm Johnson's conviction.